IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAROM VAHAI,

    Plaintiff,

v.

UNITED AIRLINES, INC. and DOES 1-50, inclusive,

    Defendants.

_____/

No. C 13-03859 JSW

**ORDER REGARDING FAILURE TO OPPOSE SUMMARY JUDGMENT MOTION**

On December 8, 2014, United Airlines, Inc. filed a motion for summary judgment. Plaintiff's opposition was due to be filed no later than December 22, 2014. The motion is set for hearing on February 6, 2015 at 9:00 a.m. and the Court has not received any further filings by either party since the summary judgment motion was filed.

Plaintiff should be aware that failure to oppose a proper motion for summary judgment may result in the dismissal of this case with prejudice. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end Plaintiff's case. *See Rand v. Rowland,* 154 F.3d at 952, 963-64 (9th Cir. 1998).

A principal purpose of the summary judgment procedure is to identify and dispose of factually supported claims. *See Celotex Corp. v. Cattrett*, 477 U.S. 317, 323-24 (1986). In order to withstand a motion for summary judgment, the opposing party must set forth specific facts showing that there is a genuine issue of material fact in dispute. Fed. R. Civ. P. 56(e). A

dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). In the absence of such facts, "the moving party is entitled to a judgment as a matter of law." *Celotex Corp*., 477 at 323.

In opposing summary judgment, Plaintiff is not entitled to rely on the allegations of his complaint. *See* Fed. R. Civ. P. 56(e); *cf. S. A. Empresa de Viacao Aerea Rio Grandense* (*Varig Airlines*) *v. Walter Kidde & Co.*, 690 F.2d 1235, 1238 (9th Cir. 1982) (stating that "a party cannot manufacture a genuine issue of material fact merely by making assertions in its legal memoranda"). Rather, Plaintiff's response must set forth specific facts supported by admissible evidence, *i.e.*, affidavits or certified deposition testimony, answers to interrogatories, or properly authenticated documents, that contradict the defendant's declarations and show that there is a genuine issue for trial. *See id.*; *see also Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) (quoting *Richards v. Combined Ins. Co.*, 55 F.3d 247, 251 (7th Cir. 1995), and stating that it is not a district court's task to "scour the record in search of a genuine issue of triable fact").

If Plaintiff does not submit his own evidence in opposition, summary judgment, if appropriate, may be entered against him. If summary judgment is granted, Plaintiff's case will be dismissed and there will be no trial. *See Rand*, 154 F.3d at 953-54.

**IT IS SO ORDERED.**

Dated:   January 27, 2015

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE